**FILED**

MAR 2 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUIP FOR EQUALITY, INC. ) | |
| ) | 06CV1671 |
| Plaintiff, ) | JUDGE FILIP |
| ) | MAGISTRATE DENLOW |
| v. ) | |
| ) | Magistrate Judge |
| ROBBINS SUPPORTIVE LIVING LLC ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

### I. Introduction

Plaintiff Equip for Equality, Inc. ("EFE") is a private not-for-profit organization with federal statutory mandates to protect and advocate on behalf of individuals with mental illness, individuals with developmental disabilities, and individuals with other disabilities as defined by the Americans with Disabilities Act. Pursuant to its statutory authority, under the Protection and Advocacy for Individual Rights Act (hereinafter "PAIR") 29 U.S.C. § 794e, et seq. Pursuant to its authority, EFE sought access to Defendant's supportive living facility, Robbins Supportive Senior Living, in Robbins, Illinois, to investigate conditions of residents for possible abuse or neglect. Defendant, by its agents and employees, refused and continues to refuse to allow EFE access. EFE brings this action to obtain a declaration of its right to access to defendant's facilities, residents and employees, and an injunction preventing Defendant from denying EFE access to its facilities, residents and employees in accordance with Plaintiff's statutory right.

## II. The Parties

1. EFE is a not-for-profit Illinois corporation, which was founded in 1985 under the name Protection and Advocacy, Inc., as an organization dedicated to protecting and upholding the rights of individuals with disabilities in the State of Illinois. EFE's principal office is located in Chicago, Illinois in Cook County.

2. Defendant Robbins Supportive Living LLC is a for-profit corporation, organized under Illinois Law, with its principal place of business located in Northbrook, Illinois.

3. Defendant Robbins Supportive Living LLC operates Robbins Senior Living ("Robbins"), which is a "supportive living facility," as that term is defined in applicable Illinois law, and is located in Robbins, Illinois.

4. In its Robbins facility, Defendant provides housing and services to eligible individuals who are the age of 65 or older.

5. Services provided by Robbins include temporary nursing services, health assessments and other well-being services.

6. Residents at Robbins include, but are not limited to, those with physical disabilities, including, on information and belief, individuals with arthritis, diabetes, hip and/or knee replacements, and heart disease.

## III. Jurisdiction and Venue

7. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is appropriate pursuant to 28 U.S.C. § 1391(b), as the parties are Illinois entities and all of the events and omissions complained of occurred within this district.

### IV. Denial of Access

9. EFE's federal and state mandates include the responsibility to ensure that the rights of individuals with physical disabilities are protected. EFE serves the important function of providing independent oversight of programs and facilities that offer treatment or care to individuals with physical disabilities in Illinois.

10. On August 31, 2005 in response to information regarding the quality of services and living conditions, representatives of EFE visited Robbins and sought access to the facility, its residents and employees.

11. At the time they sought access, EFE representatives provided identification and credentials to the Robbins facility administrator, Tammy Wilson.

12. Ms. Wilson talked generally with EFE representatives about Robbins, and then referred them to her supervisor, Terry Bathum, for permission to enter the facility.

13. While still at the offices of Robbins on August 31, 2005, EFE staff spoke by telephone with Mr. Bathum, explained that they were there to conduct a monitoring visit and informed him of the authority pursuant to which the visit was to be conducted.

14. Mr. Bathum denied access to the EFE staff on August 31, 2005. He also demanded additional, written, proof of their authority and scheduled a meeting with them for the following day, September 1, 2005.

15. Later in the day on August 31, 2005, Deborah Kennedy, Director of Equip for Equality's Abuse Investigations Unit, faxed a letter to Mr. Bathum, which provided him with the requested information.

16. On September 1, 2005, representatives of EFE again traveled to Robbins and sought access to the facility, whereupon they were greeted by Mr. Bathum.

3

17. Rather than permitting them access to the facility on September 1, 2005, Mr. Bathum cancelled the scheduled meeting with EFE representatives and informed them they would not be allowed access to the facility.

18. Following September 1, 2005, Equip for Equality made additional efforts to secure access through contacts with Robbins' legal counsel, which efforts were unsuccessful.

19. Subsequent telephone calls by EFE legal counsel to Robbins' legal counsel to discuss the subject of access were not returned.

20. EFE continues to desire access to Robbins for the purpose of fulfilling its statutory access.

21. The Protection and Advocacy for Individual Rights Act (PAIR). 29 U.S.C. § 794e, PAIR incorporates all access rights of 42 U.S.C.§ 15041 *et seq.* (formerly codified at 42 U.S.C. § 6041 *et seq.*), known as the Protection and Advocacy for Developmental Disabilities Act (PADD).

22. Pursuant to the PAIR Act, Equip for Equality has the right to have unaccompanied access to individuals who have physical disabilities within the meaning of the Americans with Disabilities Act, who reside in facilities, licensed or unlicensed, in the State of Illinois, in which "services, supports and other assistance" are provided. 29 U.S.C. § 794e(f).

### V. Violation Of PAIR Act

23. Defendant's denial of access to Equip for Equality to its Robbins facility in order to access individuals residing therein who are protected by the PAIR Act and the Americans with Disabilities Act is a violation of the PAIR Act, 29 U.S.C., 794e et seq., and its continued denial of access represents a continuing violation of that Act.

## VI. Relief Sought

WHEREFORE, Plaintiff Equip for Equality requests the following relief:

A. That this Court declare that Defendant's denial of access by Plaintiff to its Robbins facility, residents and employees, constitutes a violation of the PAIR Act;

B. That this Court permanently enjoin Defendant from denying to Equip for Equality unaccompanied access to the facilities, residents and employees of Robbins Senior Living and other supportive living facilities owned and operated by Robbins Supportive Living LLC, without advance notice and at any reasonable time;

C. That this Court issues such other relief as may be just, equitable, and appropriate, including attorneys' fees and costs.

Respectfully submitted,

*/s/ Karen I. Ward*

Karen I. Ward
One of the Attorneys for Plaintiff


Karen I. Ward
John W. Whitcomb
EQUIP FOR EQUALITY, INC.
20 N. Michigan, Suite 300
Chicago, Illinois 60603
312/341-0022